870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. MARTIN, Plaintiff-Appellant,
v.
COURT OF APPEALS OF MARYLAND, Robert C. Murphy, John C.
Eldridge, Harry A. Cole, Lawrence F. Rodowsky, John F.
McAuilffe, William H. Atkins, II, Albert T. Blackwell, Jr.,
Maryland State Board of Law Examiners, Charles H. Dorsey,
Jr., William F. Abell, Jr., John F. Mudd, John W. Sause,
Jr., Pamela J. White, Character Committee for the Third
Judicial Circuit, Constance K. Putzel, John H. Zink, III,
Rowland R. Bounds, T. Carroll Brown, E. Harrison Stone,
Defendants-Appellees.
James L. MARTIN, Plaintiff-Appellant,
v.
VIRGINIA BOARD OF BAR EXAMINERS, Francis N. Crenshaw, John
F. Kay, Jr., A. Hugo Blankenship, Jr., Robert E.
Glenn, Stephen M. Quillen, National
Conference of Bar Examiners,
Defendants-Appellees.
 No. 88-1749.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 9, 1988.
Decided March 7, 1989.
Rehearing and Rehearing In Banc Denied March 27, 1989.
 
 James L. Martin, appellant pro se.
 Ralph S. Tyler, James Goldsborough Klair, Carmen Mercedes Shepard, Office of the Attorney General of Maryland, Alexander L. Cummings, Court of Appeals of Maryland, Gregory E. Lucyk, Office of the Attorney General of Virginia, for appellees.
 Michael Willis Smith, Orran Lee Brown, Sr., Christian, Barton, Epps, Brent & Chappell, for National Conference of Bar Examiners.
 Before WIDENER, K.K. HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James L. Martin, an unsuccessful applicant for the Maryland and Virginia state bars, appeals the district courts' orders dismissing his claims brought under the Rehabilitation Act, 29 U.S.C. Sec. 794, the first amendment, the due process clause, the equal protection clause, 42 U.S.C. Sec. 1983, and state tort and libel claims.
 
 
 2
 Martin passed the Maryland bar exam in February 1984, but was denied admittance to the bar because he did not possess the good moral character and fitness necessary for admission. Martin failed the Virginia bar exam, but was informed that before he could retake the exam, serious questions concerning his character would have to be resolved. Both state bars questioned Martin's character because he misrepresented that he had never been confined to a mental institution on his law school application.
 
 
 3
 We hold that the district courts did not have subject matter jurisdiction to decide Martin's claims. Federal district courts lack jurisdiction to review state court decisions denying a particular plaintiff's admission to the state bar. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Feldman holds that the sole method available to persons who wish to challenge such decisions in federal court is to seek review in the United States Supreme Court. Feldman indicates that this rule applies even to constitutional and federal statutory claims where such claims "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state's bar." Id. at 480, 482-83, n. 16; Czura v. Supreme Court of South Carolina, 813 F.2d 644, 646 (4th Cir.1987).
 
 
 4
 Martin challenges only the validity of the denial of his applications to the Maryland and Virginia bars. He does not challenge the validity of state bar rules. His actions are, therefore, necessarily "inextricably intertwined" with the denials of admission to the state bars, and the district courts were without subject matter jurisdiction. Feldman, supra; see also Woodward v. Virginia Board of Bar Examiners, 598 F.2d 1345 (4th Cir.1979).
 
 
 5
 For the foregoing reasons, the judgments of the district courts dismissing the suits are affirmed. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED.